IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sunflower Bank, N.A,

        Plaintiff,

        vs.                Case No. 11-1104-JTM

Richard J. Lund, et al.,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the Rule 56(d) motions by the defendants (Dkt. 73, 74, 77), seeking to conduct additional discovery prior to responding to the Motion for Summary Judgment by plaintiff Sunflower Bank. (Dkt. 70). The defendants' motions are denied for the reasons stated herein.

The Mastro defendants, who advance the most extensive of the defendants' arguments in favor of additional discovery, assert that it is necessary to support numerous defenses, including "the parties' intent, expectation and understanding that [the Bank] would foreclose on the collateral securing that loan" before moving against the Guarantors, and the Bank's alleged "pattern and practice to foreclose on collateral securing loans in default." (Dkt. 73, at ¶ 13). In addition, the Mastro defendants contend that discovery should be conducted as to whether the Bank acted reasonably to mitigate its damages, whether it breached a duty of good faith and fair dealing, and

indeed whether a default even existed. And the same defendants allege discovery should occur because the parties did not intend that each Guarantor be jointly and severally liable for all claimed interest, late fees and attorney fees.

The court finds discovery is not required as to these issues (Dkt. 73, at ¶ 13, a-h, j, l-n), as such discovery would not produce evidence relevant to the motion before the court. The Bank agrees in its Response that responsibility for interest, late fees, and attorney fees should be *pro rata* rather than joint and several. (Dkt. 82, at 8). Under Kansas law, the remaining issues must be resolved on the basis of the face of the Guaranty agreements, *Simon v. National Farmers Org.*, 250 Kan. 676, Syl. ¶ 2 (1992), and the defendants have failed to demonstrate any ambiguity in the broad language of those agreements which explicitly waive such defenses. The express terms of the Guaranty agreements permit the Bank to proceed directly and immediately against the individual Guarantors, without attempting to foreclose on the collateral. Nor does the general duty of good faith and fair dealing permit the Guarantors to vary the explicit terms of their contract. *See Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F.Supp.2d 1189, 1201 (D. Kan. 2004). Further, in their Answer the defendants conceded the existence of a default by the borrower, (Dkt. 65, at ¶ 17), and the court previously determined that the borrower defaulted on the Renewal Loan "in multiple ways," (Dkt. at 62, at 15), and the Guarantors have failed to make any showing that the Bank's notice of default and acceleration violated their rights as defined by the express terms of the Guaranty.

The court will therefore deny the defendants' request for sweeping and extensive discovery under Rule 56(d). The court notes that defendants have presented at least potentially colorable defenses arising from the fair market value protection of A.R.S. § 33-184, as well as the Equal

Credit Opportunity Act (ECOA), 15 U.S.C. § 1691(a) and Regulation B, 12 C.F.R. § 202.7. Although in its prior Order the court determined that § 33-184 did not displace Kansas law, the court did not directly address the fair market value portion of the Arizona statute. However, the application of both the § 33-184 and ECOA defenses present threshold questions of law which need not require additional discovery for the defendants to present a response to the Bank's motion.

Finally, the court notes the argument of defendants David and Patricia Sellers that the LGE Guaranty agreement is ambiguous as to their individual liability, since the agreement lists as "Guarantor" only LGE Corporation, and not David or Patricia Sellers as individuals. (Dkt. 87 at 2-4) In denying the Sellers' motion to dismiss, the court noted the existence of other contractual language supporting individual liability on the part of the Sellers, but expressly declined to decide the issue, finding simply that the defendants had failed to show that the contract unambiguously restricted liability to LGE Corporation. (Dkt. 62, at 31). However, any ambiguity must be determined on the basis of the language of the agreement, not through the private understandings of the parties. *See Liggatt v. Employers Mut. Cas.*, 273 Kan. 915, 921 46 P.3d 1120 (2002) ("[i]f the terms of the contract are clear, there is no room for rules of construction, and the intent of the parties is determined from the contract itself"). Again, this is an issue of law which the Sellers may present without resorting to additional discovery.

All responses to the Motion for Summary Judgment shall be submitted on or before March 30, 2012, and the Bank's reply shall be submitted no later than April 16, 2012.

IT IS ACCORDINGLY ORDERED this 9th day of March, 2012, that the defendants'
Motions for Stay and Discovery  (Dkt. 73, 74, 77) are denied. Further, the Motion for Default (Dkt.
30) against the Lund defendants is denied in light of their active defense in the action.


  s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE